B. F. Bolles *v.* A. Unna, Administrator.

SUPREME COURT—IN BANCO.

OCTOBER TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

B. F. BOLLES, COMPOSING THE FIRM OF BOLLES & CO., *vs.* A. UNNA, ADMINISTRATOR OF THE ESTATE OF T. LYON, DECEASED.

INTEREST at 9 per cent. is allowed on accounts when no higher rate is agreed on in writing, and is not interrupted by the DEBTOR'S DEATH.

This was an action of contract to recover 12 per cent. interest on an account stated. Defendant's intestate had orally agreed with the plaintiff for this rate. The defendant by approval of the Probate Court offered to pay this rate from date of publication of his appointment, but not from the death of the intestate. The Police Court gave judgment for the entire interval, at nine per cent. The defendant appealed on the grounds that the statute requiring six months delay for approval of claims before payment by an administrator, suspends the running of interest during that time; that the rate orally agreed for could not be recovered under the statute which allows nine per cent. in the absence of written agreements for a higher rate, and therefore that interest in this case, is a matter not of contract, but merely incidental to the debt by way of damages, and therefore not recoverable after payment of the principal; also that administrators are liable for interest only in case of unnecessary delay, citing 5 Allen, 358; 8 Pick., 269; 2 Pars. Contr., 380; 3 Johns., 228; 5 *Ib.*, 268; 11 Paige, 142; 13 Wend., 639; 15 *Ib.*, 76; 19 N. H., 205; Story's Contr., p. 294. The plaintiff's counsel relied on the statute which allows interest on accounts stated, without exception.

B. F. Bolles *v.* A. Unna, Administrator.

OPINION OF THE COURT BY WIDEMANN, J.

This is a suit brought by the plaintiff to recover interest accrued on the balance due on an account stated, the principal having been paid by the defendant.

Section 1480 of the Civil Code provides that interest shall be allowed " for money due on the settlement of accounts from the day on which the balance is ascertained."

As in our opinion this is a case under the above provision of the statute, the judgment of the lower Court is confirmed.

HARTWELL, J. I think the statute covers this case in allowing nine per cent. interest on all sums due on settlement of accounts where no higher rate is expressly agreed upon in writing. For it seems to me, that although the probate act postpones for some six months payment of claims against the estates of deceased persons, the word "*due*" is used in the statute not as synonymous with "*payable*," but looking only at the agreement of the parties, and at the time when the debts thereby became due. The presumption that such was the meaning of the statute is strong in cases of actual or implied contract to pay interest from a given time. It is an implied condition in all simple contracts, that the personal representative of either party is liable to the extent of assets for a breach of the contract, whether it occur during the lifetime of the party or not. No one would care to loan money at interest with risk of losing six months' interest at the death of the borrower. There may be cases, where interest rests on no actual or implied contract, but merely on the ground of damages, in which delay in payment, consequent upon the act of God and operation of law, would not involve the running of interest. But this statute I have no doubt goes on the theory of an implied contract in the cases it enumerates, and not on the theory of earlier days, that it was a sin to contract for a loan of money at interest.

I see no cause, however, for resorting to the statute in the

case of an actual contract whether oral or written, certainly for no other purpose than to restrict the plaintiff to nine per cent. We have no statute of usury. There is no illegality in loaning money at any rate of interest by oral or by written contract, nor does the statute declare that no action lies to recover over nine per cent., unless on a written agreement. There is no ingredient that is illegal, void, or invalid in this oral agreement. The promissor, after having used the money, ought not to be allowed to plead to an action to recover what he agreed to pay therefor, that he agreed to pay more than is sued for, and that, as his agreement is not in writing, he will therefore pay nothing. It is a valid, legal promise, based on a valid, legal consideration. But the case does not require decision on the allowance of the twelve per cent. which was thus agreed for, but only on the allowance of the nine per cent. already awarded. Assuming then, that the oral contract was not enforceable to its full extent, its existence is no reason for dismissing an action of *indebitatus assumpsit* on the implied promise of paying the statutory rate for the money lent. On a count for money lent, in an action on the implied promise, evidence of the express oral contract is no defence. I understand the present doctrine of English law to be, that agreements partly within and partly without the statute of frauds may be good for the part not within the statute, provided that part be so severable from the other, that it fairly might be presumed to be the consideration intended for the implied promise on which the action is brought. This view applies strongly in cases where the agreement is executed on one side, and where that which is good in the promise may be severed from that which is void in such manner as not to do violence to the theory of an implied agreement. In such cases maxims are cited to the effect that, " Where more is done than ought to be done, that portion for which there was authority shall stand, and the act be void *quoad* the excess only." *Quando res non*

*valet ut ago, valeat quantum valere potest.*　　*Utile per inutile non vitiatur.*

The foregoing views are stated because they suggest interesting questions that the case involves.

S. B. Dole for plaintiff.

A. F. Judd for defendant.